Estate of Carrie A. Kolb, Deceased, Ralph A. Gibbs, Executor v. Commissioner.
Estate of Carrie A. Kolb v. Commissioner
Docket No. 11485.
United States Tax Court
1947 Tax Ct. Memo LEXIS 44; 6 T.C.M. (CCH) 1184; T.C.M. (RIA) 47298; October 30, 1947
*44 Clement J. Clarke, Jr., Esq., 2228 Land Title Bldg., Philadelphia, Pa., for the petitioner. Karl W. Windhorst, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $48,425.91 in the income tax of the decedent for the taxable period December 1, 1943 to December 25, 1943. The computation of the tax also involves a consideration of income for the previous fiscal year ended November 30, 1943. The decedent died on December 25, 1943. The Commissioner added to income for the fiscal year ended November 30, 1943, $50,409.47 described as income from fiduciary, and he explained that that amount represented the decedent's share of the net income of the estate of Louis J. Kolb, deceased, for the fiscal year ended November 30, 1943. The only issue for decision is whether the amount of $50,409.47 should be included in the income of the decedent as ordinary income or as long-term capital gain. Another issue was settled by agreement of the parties. The facts have been stipulated or conceded. The tax return for the period here involved was filed with the collector of internal revenue for the first district of Pennsylvania. *45 Carrie A. Kolb, the decedent, was the life tenant of a trust under the will of Louis J. Kolb who died on July 2, 1941. She was entitled to the net income of that trust during her life. The remainder was to go to others. Included in the trust corpus were numerous pieces of real estate in the city of Philadelphia which had been held since July 2, 1941. Real estate taxes on those properties for the year 1943 were paid by the trust in February of that year in the amount of $70,595.80, which was charged against the income account. The real estate was sold later in the year 1943 under an agreement which provided for proration of the current taxes between buyer and seller. The portion of the 1943 taxes charged to the purchaser in the settlement and paid as a part of the purchase price was $60,613.30. The Louis J. Kolb trust credited that amount to its income account and paid it to Carrie A. Kolb prior to December 1, 1943. The sales of real estate resulted in losses to the trust. Those losses were not shown in the computation of income on the fiduciary income tax return of the Louis J. Kolb trust for the fiscal year ended November 30, 1943. That return showed expenses in excess of income *46 and no distributable income as follows: Rents
($39,303.04)
Dividends
44,071.24
Interest
837.76
Total
5,605.96
Trustees' Commissions
7,599.97
Net income
(1,994.01)
Taxable to trust
Distributable income
(1,994.01)
The following was set forth in a rider attached to that return: Actual distribution to beneficiary
$69,761.67
Distributable income as shown by the
return
(1,994.01)
The difference of
$71,755.68
is accounted for by
(1) Depreciation in the
amount of
$11,142.38
(2) and a portion of the
sale price of realty
sold amounting to
60,613.30
$71,755.68
The Commissioner determined the amount of income of the Louis J. Kolb trust distributable to Carrie A. Kolb for the fiscal year ended November 30, 1943, as follows: Refund of taxes on sales of real
estate
$60,613.30
Less premium on insurance,
prior year
$8,171.54
Additional depreciation
38.28
8,209.82
Increase in income
$52,403.48
Loss per return filed
(1,994.01)
Amount of distributable income
$50,409.47
The petitioner states that the amount in controversy was properly paid to the decedent, was income to her, and was taxable *47 to her, since the case is ruled on this point by affirmed 141 Fed. (2d).208, certiorari denied . The petitioner, in effect, concedes that if the amount in question was not taxable to the decedent as capital gain, it was taxable to her as ordinary income. His argument is that if the trustees had realized taxable income from the sale of the real estate, that income would have been taxed as a longterm capital gain of the trust; any portion of that gain distributable to a beneficiary would retain its character as capital gain and would be taxed to the beneficiary as capital gain; and the portion of the sales price allocated to the trust beneficiary retains the same character for tax purposes that it had in the hands of the trustee and must be taxed to her as long-term capital gain. The petitioner concludes that the Louis J. Kolb trust sold the real estate at a loss. Obviously, that trust did not realize a capital gain and must have sustained a capital loss. A capital loss sustained by a trust can not be converted into a capital gain for the purpose of taxing the life beneficiary of the trust on a distribution *48 received from the trust in the year in which the sale took place. Since no capital gain was realized by either the trust or thelife beneficiary, nothing can be taxed as capital gain. It follows that the distribution here in question, being income to the decedent under the Johnston decision, must be taxed as ordinary income. Decision will be entered under Rule 50.